IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CV-86-FL

| | |
|---|---|
| ROBERT SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| HONDA POWER EQUIPMENT ) | |
| MANUFACTURING, INC., ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on defendant's unopposed, partial motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (DE 17). Plaintiff did not respond to the motion, and the time within which to respond has expired. For the following reasons, defendant's motion is granted in part and denied in part.

Plaintiff, proceeding pro se, brings, inter alia, claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., ("Title VII") for discrimination on the basis of his race and skin color and for retaliation and under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12131 et seq., ("ADA") for retaliation. In his charge to the Equal Employment Opportunity Commission ("EEOC"),[1] plaintiff alleges that he "was discriminated against and harassed[] based on [his] disability" but makes no other reference to any other basis for his complaint. (EEOC

---

[1] In ruling on defendant's Rule 12(b)(6) motion, the court is permitted to consider documents that are "integral to and explicitly relied on in the complaint . . . if the plaintiff[] do[es] not challenge [their] authenticity." Am. Chiropractic v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004). Plaintiff's complaint references specifically the charge he filed with the EEOC, which is integral to his complaint and the authenticity of which has not been challenged. (Compl. ¶ 9).

Charge (DE 18-1) at 2). "The EEOC charge defines the scope of the plaintiff's right to institute a civil suit," Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132 (4th Cir. 2002), meaning a "plaintiff's claim generally will be barred if his charge alleges discrimination on one basis—such as race— and he introduces another basis in formal litigation—such as sex." Chacko v. Patuxent Inst., 429 F.3d 505, 509 (4th Cir. 2005). Thus, plaintiff's claims for retaliation under Title VII and the ADA as well as his Title VII claim for race and color-based discrimination are barred due to his failure to exhaust administratively those claims.

Additionally, in his complaint, plaintiff references events taking place as far back as 2014. (See, e.g., Compl. ¶¶ 4(a), (4(e)). Defendant contends that any claim based on events taking place before April 23, 2020 — 180 days before October 20, 2020, when plaintiff filed his EEOC charge — should be dismissed. Although the statutes at issue "require claimants to file a charge with the . . . []EEOC[] within 180 days of the alleged unlawful employment practice," McCullough v. Branch Banking & Tr. Co., 35 F.3d 127, 131 (4th Cir. 1994), "behavior occurring outside of the applicable limitations period can be used to support a plaintiff's hostile work environment claim." Gilliam v. S.C. Dep't Of Juv. Just., 474 F.3d 134, 140 (4th Cir. 2007). Plaintiff's pro se complaint, construed liberally, asserts a claim of hostile work environment harassment cognizable under the ADA. See Fox v. Gen. Motors Corp., 247 F.3d 169, 176 (4th Cir. 2001); (see also EEOC Charge (DE 18-1) at 2 (complaining of "harass[ment] based on [his] disability")). See generally Sydnor v. Fairfax County, 681 F.3d 591, 594 (4th Cir. 2012) ("[S]o long as a plaintiff's claims in her judicial complaint are reasonably related to her EEOC charge and can be expected to follow from a reasonable administrative investigation, she may advance such claims in her subsequent civil suit." (quotation omitted)). Thus, in this instance, plaintiff's allegations of events taking place

prior to the 180-day period before his charge with the EEOC do not provide a basis to dismiss any part of his claims in this procedural posture.

In sum, defendant's motion to dismiss all of plaintiff's claims under Title VII and his ADA retaliation claim is GRANTED in that part (DE 17). However, defendant's motion to dismiss any of plaintiff's claims based on allegations of events occurring prior to April 23, 2020, is DENIED in that part (DE 17). Plaintiff's claims under the ADA for discriminatory conduct are allowed proceed. Pursuant to Rule 12(a)(4), defendant's responsive pleading must be served within 14 days of this order.

SO ORDERED, this the 28th day of June, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge